JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MICHAEL CREAGH,

                  Plaintiff,

-against-

ORANGINA SCHWEPPES INTERNATIONAL,
SCHWEPPES INTERNATIONAL LIMITED, RED
URBAN AMSTERDAM, EMAKINA, NICHOLAS
JANDRAIN, and LIONEL SAMAIN,

                  Defendants.

------------------------------------------------------------------ x

COPY

12 CV 1545

COMPLAINT

and

JURY DEMAND

RECEIVED
MAR 2 2012
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff Michael Creagh, by and through his attorneys, Kane Kessler, P.C., as and for his Complaint against defendants Orangina Schweppes International and Schweppes International Limited (collectively "Schweppes"), Red Urban Amsterdam ("Red Urban"), Emakina, Nicholas Jandrain ("Jandrain"), and Lionel Samain ("Samain"), (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

      1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and 1338(a), because this action arises under the Copyright Act of 1976, as amended, 17 US.C. § 101, et seq. (the "Copyright Act"). The copyrighted work at issue is registered with the United States Copyright Office under copyright registration no. VA0001801746/2012, issued on February 14, 2012.

      2.    The Court has personal jurisdiction over all of the Defendants by virtue of their transacting, doing and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the

subject of the action is situated here. This Court also has personal jurisdiction over all of the Defendants since injury was caused to the property of Plaintiff in the State of New York through the tortious acts of Defendants and Defendants (i) regularly do or solicit business, or engage in another persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expect or should reasonably expect their actions to have consequences in the state and derive substantial revenue from interstate or international commerce.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) (c) and (d), and 28 US.C. § 1400(a) because Plaintiff resides in this district and Defendants either reside or conduct business and may be found in this district or they are aliens, and because a substantial part of the events giving rise to the claim occurred, and a substantial part of the property that is subject of the action is situated, in this district.

### THE PARTIES

4. Plaintiff Michael Creagh ("Plaintiff"), is a world renowned professional photographer specializing in editorial, advertising, catalogs and commercial work with offices located in the City, County and State of New York.

5. Plaintiff's work has appeared in numerous international publications, internet sites, advertisements and catalogs in New York and throughout the world.

6. Upon information and belief, Defendants Orangina Schweppes International and Schweppes International Limited are corporations organized and existing under the laws of The Netherlands, and they are international manufacturers and distributors of soft drinks.

#350729.2

7. Upon information and belief, Defendant Red Urban is a corporation organized and existing under the laws of The Netherlands, and it is a full service digital advertising and marketing agency.

8. Defendant Nicholas Jandrain is an individual who is an art director with experience in design, branding, advertising and digital communication for companies throughout the world, including Schweppes.

9. Defendant Lionel Samain is an individual who is a portrait and fashion photographer for companies throughout the world, including Schweppes.

10. Upon information and belief, Defendant Emakina is a corporation existing under the laws of Belgium, and it is engaged in the business of marketing and advertising various products through use of the world wide web for companies throughout the world, including Schweppes.

## NATURE OF THE ACTION

11. Defendants have infringed Plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, as amended, by creating, reproducing, adapting, distributing and publically displaying, without authorization, a strikingly and substantially similar photographic work (the "Infringing Image") which is derived from a copyrighted photograph which Plaintiff created, owns and published. Plaintiff seeks damages and other remedies under the Copyright Act.

## FACTS

12. During 2007, Plaintiff created a photographic work entitled "Noise" which was initially published in Noise Magazine in January 2008 (the "Photograph") and distributed throughout the world. A copy of the Photograph is annexed hereto as Exhibit A.

3

13. Plaintiff received an award for the Photograph from International Photograph Awards during 2009 in the advertising fashion category.

14. After its initial publication, the Photograph also was published in the May/June 2009 issue of Digital PhotoPro Magazine.

15. In addition, Plaintiff uses the Photograph extensively on his professional website and it is prominently displayed on his home page.

16. The Photograph is the product of deliberate artistic choices and deliberate manipulations by Plaintiff and it is highly original and unique.

17. Plaintiff is the sole copyright owner and author of the Photograph, which is published as part of his portfolio and copyrighted under copyright registration no. VA0001801746/2012, issued on February 14, 2012. A copy of the certificate of registration is annexed hereto as <u>Exhibit B</u>. A copyright notice is displayed on Plaintiff's website, www.MichaelCreagh.com, in accordance with Section 401 of the Copyright Act.

18. After the creation and publication by Plaintiff of the Photograph, Defendants, individually and acting in concert with each other, misappropriated the artistic and intellectually creative work of Plaintiff by intentionally creating, reproducing, adapting, distributing and displaying, without authorization, the Infringing Image which is strikingly and substantially similar to, and derivative of, the Photograph. A copy of the Infringing Image is annexed hereto as <u>Exhibit C</u>.

19. The Infringing Image is being used unlawfully by each of the Defendants on their respective websites in violation of the rights of Plaintiff.

20. In addition, the Infringing Image unlawfully is being used by Schweppes in an advertising campaign throughout the world which is entitled "unexpected future" (the "Campaign").

21. Depicted below, on the left, is the Photograph which Plaintiff created. On the right, is the Infringing Image which is being displayed by Defendants on various internet websites and in a multitude of media in connection with the Campaign.



22. The Defendants were never authorized by Plaintiff to appropriate the artistic elements of the Photograph, or to reproduce, display or distribute the Photograph, or to adapt the Photograph in order to create the Campaign or any other derivative work based on the Photograph. Defendants' conduct was and continues to be in willful disregard of Plaintiffs' rights under the Copyright Act.

23. Defendants' conduct has damaged Plaintiff's ability to sell or license additional copies of the Photograph or to earn revenues from derivative works based on the Photograph

#350729.2

which Plaintiff could have licensed to others, while at the same time enabling Defendants to profit from their unauthorized reproduction, display and distribution of the Infringing Image.

24. The Infringing Image is substantially and strikingly similar to the Photograph. The overall look of the Photograph and its composition have been duplicated in the Infringing Image as follows:

    (a) <u>The Look:</u>

        i. A dark scene with a white model with a black circle on her face.

        ii. The rest of the scene is dark, leaving her face and hand as the sole focus.

        iii. The model's hair is off her face.

        iv. The elements which are light and dark are almost exact. Dark circle, very light edges of faces, bright hair on right, hair in shadow on left. Body black with highlight.

        v. Similarity of the highlights, shadows, the direction and softness quality of the light. The placement and intensity of the highlights and shadows are nearly identical. Highlights on the face occur on the models' left forehead, under the models' right eye and stronger under the model's left, the highlight follows almost exactly down to the right hand side of the model's mouth with the same shape and intensity of shadow on the right cheek.

    (b) <u>The Composition:</u>

        i. Placement of head in relation to the top and bottom of the image.

        ii. Cropping near the top of the forehead, leaving similar amount of white forehead from black circle.

        iii. Placement of hand in "quieting" or "shhh".

        iv. Cropping of the back of the hand.

        v. Head and hand in center of frame with no other substantial elements.

25. After the Campaign commenced, Plaintiff discovered that the Defendants had infringed his rights under the Copyright Act. Through his counsel, simultaneously with filing of this complaint, Plaintiff served Defendants with a cease and desist demand, outlining the relevant facts set forth in this complaint and requiring Defendants to:

  (a) Cease and desist from continuing to utilize the Infringing Image and/or unauthorized reproductions which are derivative of Plaintiff's copyrighted work;

  (b) Remove all unauthorized reproductions of Plaintiff's copyrighted work from each of Defendants' websites, publications, billboards, and/or other media; and

  (c) Deliver or destroy all remaining copies of the Infringing Image; and

  (d) Provide the number and location of all advertisements which have used the Infringing Image;

  (e) Provide a list of all publications and/or internet websites that are presently using the Infringing Image for advertising or have utilized the Infringing Image for advertising in the past;

  (f) Provide an accounting of the gross revenues, profits and details of how Defendants arrive at profits received by each of them related to the use of the Infringing Image.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Copyright Infringement Against Defendants Under 17 U.S.C. §§ 106 and 501)*

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 of this complaint as if more fully set forth herein.

27. At all times referred to herein, Plaintiff was the owner of the copyright and all right, title and interest in the Photograph.

#350729.2

28. Despite the Defendants' knowledge of the rights of Plaintiff in the Photograph, Defendants used the Photograph and created the Infringing Image which is strikingly and substantially similar to the Photograph.

29. Defendants had substantial access to the Photograph which was extensively published and Defendants were aware that the Photograph was owned and created by Plaintiff.

30. The creation of the Infringing Image and its unauthorized reproduction, public display and the creation of derivative works by Defendants is a willful infringement of the copyright of Plaintiff and violates the provisions of the Copyright Act including, but not limited to, the exclusive rights of Plaintiff pursuant to § 106 of the Copyright Act.

31. The aforesaid actions of Defendants constitute infringement of Plaintiff's copyright pursuant to § 501 of the Copyright Act.

32. As a result of the copyright infringement by Defendants, Plaintiff is entitled to all of the remedies provided by the Copyright Act including, but not limited to the following:

 (a) Pursuant to § 502, temporary and permanent injunctions to prevent or restrain infringement of the copyright;

 (b) Pursuant to § 503, impounding and distribution of infringing articles;

 (c) Pursuant to § 504, actual damages and profits of Defendants attributable to the infringement;

 (d) Pursuant to § 505, costs of the action.

**WHEREFORE**, Plaintiff Michael Creagh requests judgment in his favor and against Defendants as follows:

1. That, pursuant to 17 U.S.C. § 502, Defendants, their directors, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, be enjoined and restrained permanently from infringing the copyright in the Photograph, , in any manner, and from reproducing, displaying, publishing, advertising, promoting, selling, offering for sale, marketing, distributing or otherwise disposing of the Infringing Image or any copies of the Infringing Image, and from participating or assisting in or authorizing such conduct in any way.

2. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringements of the copyright in the Photograph and to account for and pay Plaintiff all of the Defendants' profits attributable to such infringements.

3. That Defendants be required to deliver up on oath for impounding, destruction, or other disposition, as Plaintiff determines, all Infringing Images of the Photograph in their possession, custody, or control and all transparencies, plates, masters, tapes, film negatives, discs, and other articles for making such infringing copies.

4. That Defendants be required to notify in writing any current or future owners of the Infringing Image of whom they are or become aware that the Infringing Image infringes the copyright in the Photograph, that the Infringing Image was not lawfully made under the Copyright Act of 1976, and that the Infringing Image cannot lawfully be displayed under 17 U.S.C. § 109(c).

5. That Defendants pay to Plaintiff the full costs of this action.

#350729.2

6. That Plaintiff has such other and further relief as to the Court seems just, proper and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
February 29, 2012

Respectfully Submitted,<br>
KANE KESSLER, P.C.<br>
By:_____<br>
S. Reid Kahn<br>
*Attorneys for Plaintiff*<br>
1350 Avenue of the Americas<br>
New York, New York 10019<br>
(212) 541-6222

# EXHIBIT A



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-801-746**

**Effective date of registration:**

February 14, 2012

---

## Title

**Title of Work:** Noise

## Completion/Publication

**Year of Completion:** 2007

**Date of 1st Publication:** January 1, 2008     **Nation of 1st Publication:** Australia

## Author

- **Author:** Michael Creagh
  **Author Created:** photograph(s)

  **Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Michael Creagh
142 Atlantic Ave #3, Brooklyn, NY, 11201, United States

## Certification

**Name:** Brendan P. McFeely
**Date:** February 14, 2012

Page 1 of 1

# EXHIBIT C

